## W. W. COCKINS v. PETER McCURDY.

ADMINISTRATOR — *Sale of Decedent's Land — Delivery of Deed.* An administrator having sold real estate belonging to the estate, said sale having been confirmed and a deed ordered and executed, and left in the hands of an ex-probate judge, the purchaser at said sale, or his assignee, was entitled to the deed on the payment of the purchase-money, without reference to the intention of the administrator. The administrator could not impose any other condition to the delivery of the deed except the payment of the purchase-money.

*Error from Douglas District Court.*

EJECTMENT.   Judgment for defendant *McCurdy*, at the
May term, 1885.   The plaintiff *Cockins* brings the case here.
The opinion states the facts.

*D. S. Alford*, for plaintiff in error.

*Geo. J. Barker*, and *V. H. Harris*, for defendant in error.

Opinion by SIMPSON, C.: This was an action in ejectment,
brought in the district court of Douglas county, to recover
real property in the city of Lawrence.   The action was tried
by the court, a jury being waived, and findings of fact and
conclusions of law were made, and a judgment rendered in
favor of the defendant.   To reverse this judgment a petition
in error was filed in this court.   The material facts are all
embraced in the special findings of the court.   These, with
the conclusions of law, are as follows:

"On the 15th day of July, 1864, Benjamin Saunders be-
came the owner of the premises in controversy, and under
him both plaintiff and defendant now claim title.   The de-
fendant claims under the following facts: About December 1,
1868, Benjamin Saunders died intestate, seized in fee of these
premises.   On May 26, 1869, Pauline Dickson, as plaintiff,
commenced an action in partition in this court against Matilda
Saunders, defendant therein, for partition of said lands, alleg-
ing the decease of Benjamin Saunders, and that plaintiff and
defendant were his sole heirs-at-law.   Such proceedings were
had in such action that on August 24, 1869, a judgment for
partition of said lands was rendered, and thereupon the lands
were sold by the sheriff of this county under said judgment,
and purchased by Michael Maher, which sale was duly exam-
ined and confirmed by this court at the November term, 1869,
and deed ordered, which was accordingly made December 31,
1869, by S. Walker, sheriff, to Michael Maher for $870 con-
sideration.   In the petition, deed, and all other proceedings,
the land is described as the east half of the northwest quar-
ter of block 9, North Lawrence, instead of addition No. 9.
Michael Maher took immediate possession of the lands in
controversy — that is, the east half of the northwest quarter

of addition No. 9, North Lawrence — under said sheriff's deed, and continued in possession thereof about seven years. There was a dwelling house on the lot when M. Maher had it, which, however, was burned during his occupancy, and has never been rebuilt. The defendant McCurdy has succeeded to whatever rights Maher had in said land by a conveyance duly executed to him, and has since held possession. Matilda Saunders and Pauline Dickson were the sole heirs-at-law of Benjamin Saunders, deceased.

"The plaintiff claims title under the following facts: On the 22d day of March, 1871, administration was granted upon the estate of Benjamin Saunders by the probate court of this county, John Q. A. Norton being appointed administrator. April 28, 1873, David C. Beach was appointed in place of Norton; and on January 10, 1874, A. J. Reid was appointed in place of Beach, resigned. Mr. Reid as such administrator filed his petition in the probate court on the 27th day of January, 1874, for leave to sell said lands to pay the debts of said estate. On the 23d day of February, due notice having been given, the petition was heard, and an order duly made directing the sale of the property at private sale for the payment of debts for not less than three-fourths of its appraised value. It was duly appraised at $500, and on the 10th day of June, 1876, the probate court modified its order so as to require the property to be sold at public sale 'under the former appraisement.' On January 10, 1877, the administrator sold the lands at public sale to Rouley Crouch for $125. And upon report thereof being made, the sale was confirmed by the probate court, and a deed ordered to be made to the purchaser accordingly, which was made March 15, 1877. An administrator's deed was thereupon, on the 20th day of May, 1878, made accordingly, signed and acknowledged by the administrator in usual form. This deed was not delivered otherwise than as hereinafter stated. John Q. A. Norton was the probate judge of this county from January, 1873, to January, 1879; James M. Hendry was the probate judge from January, 1879, to January, 1881; and A. H. Foote has been probate judge ever since. On the 8th day of October, 1881, Rouley Crouch, for the sum of $25 to him paid by the plaintiff, executed and delivered to the plaintiff a general quitclaim deed, conveying to the plaintiff all his right, title and interest in the lands in question. On the same day James M. Hendry, the former probate judge, had in his possession the administrator's deed above referred to, and claimed to hold the same for the pay-

ment of $125 costs due and unpaid in the probate court in the administration of the estate of Benjamin Saunders. The plaintiff thereupon paid to Judge Hendry that sum, and received from him said administrator's deed, and still holds the same. The consideration named in the deed was not paid until paid to Judge Hendry as stated above. It does not appear that Judge Hendry had any authority to deliver the deed, unless it is to be inferred from the facts already stated. The fair rental value of said land since October 8, 1881, is $15 per year.

"On the original recorded plat of North Lawrence there is a subdivision marked '9,' being a square plat bounded by streets and alleys. This has been known and described in conveyances usually as 'Block No. 9,' and is a different tract from 'Addition No. 9,' which appears upon the recorded plat as an addition to North Lawrence, and contains forty acres. The part in question here contains five acres. It appears that a mistake in fact was made in the petition, and all proceedings in the partition suit hereinbefore referred to, in describing the premises as being in 'Block 9,' and that 'Addition No. 9' was intended."

"CONCLUSIONS OF LAW.

"1. The agreement to purchase, and the confirmation of the sale by the probate court, did not vest the title in the purchaser, Rouley Crouch. That could only be done by a proper conveyance.

"2. The deed of the administrator could only take effect upon the delivery. While delivery of a deed may be made to a stranger, for the use of the grantee, still no presumption that it is intended for the grantee arises from the mere delivery of the deed to such stranger, without any declaration by words or otherwise of such intention. The delivery of the deed by the administrator to Judge Hendry, without any declaration of this intention to have it take effect as his effectual deed, is not a sufficient delivery thereof, and no presumption arises that Judge Hendry was himself authorized to deliver it. The consideration not having been paid, and. no delivery of the deed shown, it could not operate to vest title in Rouley Crouch, or in his grantee.

"3. The defendant being in possession, and the plaintiff failing to show title in himself, judgment must be entered against the plaintiff and in favor of the defendant, for costs."

It will be seen from these findings and legal conclusions, that

the pivotal question is as to whether or not there has been a delivery of the administrator's deed to the plaintiff in error. The learned judge who tried the case thought not, and in this we think he erred. We think that the application of several well-settled rules to the facts here presented leads irresistibly to another conclusion than that arrived at by the district court on the special findings. The plaintiff in error had succeeded to all the rights of the purchaser at the administrator's sale, by purchase and assignment. He was not a stranger; he was the person who was entitled to the deed when the purchase-money was paid. It was the duty of the administrator to deliver the deed when the purchase-money was paid, because that was the order of the probate court, and because it is a plain requirement of the statute. Neither the probate court, the administrator of the estate, nor the retiring probate judge could impose any condition upon the delivery of the deed to the plaintiff in error than that of the payment of the purchase-money. When the sale was confirmed, a deed ordered and made, the purchaser or his assign was entitled to the possession of it, on payment of the purchase-money, and the administrator could impose no other condition, no matter in whose hands he left the deed for delivery. As the delivery of the deed to the purchaser, upon the payment of the purchase-money, is a requirement of the law, the administrator must be presumed to have intended that Judge Hendry would deliver it upon payment. There is a finding that Hendry, a former probate judge, held the deed, claiming to hold it for the payment of $125, the costs of the administration on the Saunders estate. This sum of $125 was also the amount of the purchase-money at the administrator's sale. This sum was paid Hendry, and he delivered the deed to the plaintiff in error. It is said by the court, "that it does not appear that Judge Hendry had any authority to deliver the deed, unless it be inferred from the facts already stated." We think it must be inferred from the fact that he had possession of the deed, that he not only acquired that possession rightfully, but that he was authorized to deliver it upon compliance by the plaintiff in error with the sole condition that entitled him to the

possession of it. We cannot presume that Hendry's possession of the deed was a wrongful or forcible one. It was with the consent of the administrator. The administrator could impose no conditions on its delivery, except payment of purchase-money, nor could he authorize Hendry to do so. Hendry received the purchase-money and delivered the deed, and we think it was a good and perfect delivery. The administrator could have no intent but compliance with the order of the probate court, and the requirements of the statute prescribing his duty in the administration of the estate. This was not a voluntary conveyance. The deed is an official one. Every requirement of the statute has been complied with; the plaintiff in error has his deed; the estate has the benefit of his purchase-money. Who has the right to complain? Can a person not interested in or affected by the administration of this estate be heard to say in a collateral action that there was no intention on the part of the administrator to have Hendry deliver the deed to the purchaser at the administrator's sale? Could the administrator himself, with the purchase-money in his pocket, or in the hands of the person with whom he left the deed, be heard to say that there was no delivery? If it were necessary in this action to answer these questions, abundant and most respectable authority would be found in the negative; but as we think the court erred in the second and third conclusions of law, and that they are not authorized by the findings of fact, we shall content ourselves with a recommendation that the judgment be reversed, and the cause remanded to the district court with instructions to render a judgment in favor of the plaintiff in error on the special findings of fact.

By the Court: It is so ordered.

All the Justices concurring.